```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN


                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Plaintiff,             )
                                     )   Criminal No. 2010-36
              v.                     )
                                     )
ENID EDWARDS,                        )
FRANCIS BROOKS, and                  )
BILL JOHN-BAPTISTE,                  )
                                     )
              Defendants.            )
_____)
```

**ATTORNEYS:**

**Kim Lindquist, AUSA**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Jay I. Shreenath, Esq.**
Austell, GA
   *For defendant Enid Edwards,*

**George H. Hodge, Jr., Esq.**
St. Thomas, U.S.V.I.
   *For defendant Francis Brooks,*

**Robert L. King, Esq.**
St. Thomas, U.S.V.I.
   *For defendant Bill John-Baptiste.*

## ORDER

Before the Court is the motion of Bill John-Baptiste ("John-Baptiste") to dismiss certain charges against him on the grounds that they are multiplicitous.

## I. FACTS

*United States v. Edwards, et al.*
Criminal No. 2010-36
Order
Page 2

John-Baptiste, Francis Brooks ("Brooks"), and Enid Edwards ("Edwards") (collectively, the "Defendants") were initially indicted on June 24, 2010. A superseding indictment was filed on September 2, 2010, in which John-Baptiste was charged in a total of ten counts. Count Twenty-Three charges John-Baptiste with inducing an alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (v)(II). Count Twenty-Four charges John-Baptiste with racketeering extortion conspiracy in violation of 18 U.S.C. § 1951(a). Count Twenty-Five charges John-Baptiste with racketeering extortion in violation of 18 U.S.C. §§ 1951(a) and 2. Count Twenty-Six charges John-Baptiste with conspiratorial kidnaping, extortion, solicitation and receipt of a bribe, and conflict of interest in violation of 14 V.I.C. § 551. Count Twenty-Seven charges John-Baptiste with kidnaping in violation of 14 V.I.C. §§ 1051 and 11. Count Twenty-Eight charges John-Baptiste with kidnaping for extortion in violation of 14 V.I.C. §§ 1052(a) and 11. Count Twenty-Nine charges John-Baptiste with extortion in violation of 14 V.I.C. §§ 701 and 11. Count Thirty charges John-Baptiste with solicitation and receipt of a bribe in violation of 14 V.I.C. §§ 403 and 11. Count Thirty-One charges John-Baptiste with conflict of interest in violation of 3 V.I.C. §§ 1102(3) and 1108 and 14 V.I.C. § 11. Count Thirty-Two charges John-Baptiste with aggravated assault and battery in violation of

*United States v. Edwards, et al.*
Criminal No. 2010-36
Order
Page 3

14 V.I.C. §§ 292 and 298(5). Count Thirty-Three charges John-Baptiste with unlawful sexual contact in the first degree in violation of 14 V.I.C. §§ 1699(c) and 1708(4). All of the charges against John-Baptiste stem from an allegedly extortionate transaction on April 2, 2008, while the charges against Brooks and Edwards involve the events of April 2, 2008, but also include alleged events beginning in 2000 and continuing through March of 2008.

## II. DISCUSSION

The Double Jeopardy Clause protects criminal defendants from multiple prosecutions for the same offense. *See* U.S. CONST. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."). In a jury trial, Double Jeopardy rights do not attach until the jury is empaneled and sworn. *Gómez v. United States,* 490 U.S. 858 (1989).

"A multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." *United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992) (citing *United States v. Stanfa*, 685 F.2d 85, 86-87 (3d Cir. 1982)). "The interest protected by the Double Jeopardy Clause in this multiple punishment context is confined to 'ensuring that the total

*United States v. Edwards, et al.*
Criminal No. 2010-36
Order
Page 4

punishment did not exceed that authorized by the legislature.'" *Id*. (quoting *Jones v. Thomas*, 491 U.S. 376, 381, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989));  *Georges v. Gov't of V.I.*, 119 F.Supp.2d 514, 524-25(D.V.I. App. Div. 2000)("[W]hile concurrent prosecution under a single information for crimes out of a single transaction does not subject a defendant to double jeopardy, multiple punishment for the same offense does.").

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *see also United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000) ("To determine whether the offenses grow out of the same occurrence, we apply the test set forth in Blockburger."). "If each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger*, 284 U.S. at 304 (citations and quotation marks omitted). "The elements of the offense are compared in the abstract, without looking to the facts of the particular case." *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982) (citations omitted)..

*United States v. Edwards, et al.*
Criminal No. 2010-36
Order
Page 5

### III. <u>ANALYSIS</u>

In order to demonstrate that the charges against him are multiplicitous, John-Baptiste must demonstrate they fail the *Blockburger* test. Remarkably, John-Baptiste concedes that the charges against him satisfy the *Blockburger* requirements. He states that he "acknowledg[es] that each Count requires different proof." John-Baptiste's Mem. Supp. Mot. Dismiss 5. It seems that John-Baptiste presumes that the charges against him are multiplicitous because of their numerosity. As such, John-Baptiste argues that he is prejudiced by the factual multiplicitousness of the charges against him rather than by any potential Double Jeopardy multiplicitousness.

The Court agrees with John-Baptiste to the extent that he asserts that the charges against him each require the proof of different elements. Indeed, there is no violation of *Blockburger* under these circumstances. *United States v. Hoffman*, 148 Fed. Appx. 122, 128-29 (3d Cir. 2005) (unpublished) ("Because each charge contains different elements, the counts are not multiplicitous and did not subject [the defendant] to double jeopardy."), *cert. denied*, 546 U.S. 1050, 126 S. Ct. 778, 163 L. Ed. 2d 603 (2005); *United States v. Cauble*, 706 F.2d 1322, 1335 (5th Cir. 1983) ("These are plainly different offenses, requiring

*United States v. Edwards, et al.*
Criminal No. 2010-36
Order
Page 6

proof of different elements, so the counts are not multiplicitous."), *cert. denied*, 465 U.S. 1005, 104 S. Ct. 996, 79 L. Ed. 2d 229 (1984).

To the extent that John-Baptiste asserts that he is entitled to relief because the charges against him are multiplicitous in number, the Court is unpersuaded that relief is appropriate. The mere fact that there are multiple legally sufficient charges against a defendant does not in and of itself create a Constitutionally defective indictment.

## IV. CONCLUSION

The premises considered, it is hereby

**ORDERED** that John-Baptiste's motion to dismiss is **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**