DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2010-36 |
| | ) |
| ENID EDWARDS and FRANCIS | ) |
| BROOOKS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
St. Thomas, VI
**Rami S. Badawy, AUSA**
St. Croix, VI
     *For the plaintiff,*

**Jay I. Shreenath**
Austell, GA
**John-Russell Bart Pate**
St. Thomas, VI
     *For the defendant Enid Edwards,*

**George H. Hodge, Jr.**
St. Thomas, VI
     *For the defendant Francis Brooks.*


<u>ORDER</u>

**GÓMEZ, J.**

     Before the Court is the motion of the United States to amend this Court's September 11, 2012, Forfeiture Orders as against Enid Edwards and Francis Brooks.

*United States v. Edwards et al.*
Crim. No. 2010-36
Order
Page 2

## I. PROCEDURAL HISTORY

This is written for the parties, and as such presumes some familiarity with the underlying criminal case.

On June 24, 2010, the Grand Jury returned an indictment against Enid Edwards ("Edwards"), Francis Brooks ("Brooks"), and Bill John-Baptiste (jointly, the "defendants"). On September 2, 2010, the Grand Jury returned a fifty-four count superseding indictment against the defendants. The superseding indictment included forfeiture allegations as to Edwards and Brooks.

The trial of this matter commenced on January 3, 2011. The government rested on January 7, 2011. The defendants presented their cases until January 11, 2011, after which the Government presented a rebuttal witness.

The jury commenced deliberations on January 12, 2011. On January 14, 2011, the jury returned verdicts finding Edwards guilty of twenty-two counts, Brooks guilty of twenty-five counts, and John-Baptiste guilty of one count.

The United States filed two motions for a preliminary order of forfeiture on November 7, 2011.  The Court orally granted these motions on June 21, 2012.  Thereafter, on September 11, 2012, this Court entered an order of forfeiture.  The Court ordered Edwards and Brooks to forfeit the sum of $11,700 in United States currency.  In doing so, the Court stated that

*United States v. Edwards et al.*
Crim. No. 2010-36
Order
Page 3

"[t]he United States may, at any time, move pursuant to Fed. R.

Crim. P. 32.2(e), to amend this Order of Forfeiture to

substitute property having a value not to exceed $11,700 to

satisfy the money judgment in whole or in part." (ECF No. 445.)

On September 11, 2012, the Court also ordered Edwards to forfeit

the sum of $37,400 in United States Currency. That Order also

allowed the United States to move to amend the forfeiture order

to substitute property. (ECF No. 441.)

On September 27, 2012, the United States moved to amend the

September 11, 2012, forfeiture orders to substitute property

pursuant to Federal Rule of Criminal Procedure 32.2.

## II. <u>DISCUSSION</u>

On the government's motion, the court may at any
time enter an order of forfeiture or amend an
existing order of forfeiture to include property
that: (A) is subject to forfeiture under an
existing order of forfeiture but was located and
identified after that order was entered; or (B)
is substitute property that qualifies for
forfeiture under an applicable statute.

If the government shows that the property is
subject to forfeiture under Rule 32.2(e)(1), the
court must: enter an order forfeiting that
property, or amend an existing preliminary or
final order to include it[.]

Fed. R. Crim. P. 32.2(e).

*United States v. Edwards et al.*
Crim. No. 2010-36
Order
Page 4

## III. <u>ANALYSIS</u>

In order to obtain an order forfeiting substitute assets, the government must satisfy the Court that the property

> [a]s a result of any act or omission of the defendant – (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). Substitute assets may be forfeited "up to the value of" the assets originally sought. *See id.* In order to obtain the forfeiture of substitute assets, "the Government must show: (1) that the statutory prerequisites have been met; (2) that the Defendant owns the substitute property sought, and (3) that the value of the substitute property does not exceed the money judgment." *United States v. Poulin*, 690 F. Supp. 2d 415, 431 (E.D. Va. 2010) *aff'd*, 461 F. App'x 272 (4th Cir. 2012)

The United States has submitted a declaration. In it, the government states that the funds received by Edwards and Brooks in connection with their offenses of conviction were commingled with legitimate funds and spent. (ECF No. 450-1.) The government indicates that Edwards and Brooks paid many of their ordinary living expenses from funds they obtained through their unlawful activities. (ECF No. 450-1.) As such, the Court is

*United States v. Edwards et al.*
Crim. No. 2010-36
Order
Page 5

satisfied that as a result of the defendants' acts, the assets subject to forfeiture cannot be located by due diligence and have been transferred to third parties. *See* 21 U.S.C. § 853(p).

The government has identified substitute property described in the motion and declaration as: (1) One St. Thomas Taxi Medallion # 0010, registered in the name of Enid Edwards on page 10 of Virgin Islands Taxicab Commission Registry on June 19, 2002, estimated value of $40,000; (2) One 2008 Ford F450 white safari registered as a Taxi, registered in the name of Enid Edwards, Virgin Islands license plate #TP-0010, VIN # 1FDXF46Y38EB84524, estimated Kelley Blue Book ("KBB") value of $28,822; (3) One 2000 Ford F150 white sports utility vehicle, registered in the name of Francis Brooks, Virgin Islands license plate # TDN-718, VIN # 2FTZF1829YcA51518, estimated KBB value of $3,240; (4) One 2004 Volkswagen Bug silver 2-door, registered in the name of Francis Brooks, Virgin Islands license plate # TCL-022, VIN # 3VWCK21C54M403144, estimated KBB value of $6,492; and (5) One 1992 Ford Mustang blue 2-door, registered in the name of Francis Brooks, Virgin Islands license plate # TCX-222, VIN # 1FACP42E2NF115184, estimated KBB value of $2,478 (collectively the "Substitute Assets"). (ECF Nos. 450, 450-1.) The government declares that such assets are the property of the defendants'.

*United States v. Edwards et al.*
Crim. No. 2010-36
Order
Page 6

As the Court ordered in this case, "[t]he United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e), to amend this Order of Forfeiture to substitute property *having a value not to exceed $11,700* to satisfy the money judgment in whole or in part" (ECF No. 445) and "*having a value not to exceed $37,400*" (ECF No. 441). 21 U.S.C. § 853(p) similarly limits the forfeiture of substitute assets to the value of the originally forfeited assets. *See* 21 U.S.C. § 853(p). The Substitute Assets listed by the government in its motion exceed the amounts of $11,700 and $37,400 by a significant margin. As such, the government has failed to show "that the value of the substitute property does not exceed the money judgment." *Poulin*, 690 F. Supp. 2d at 431 *aff'd*, 461 F. App'x 272.

The premises considered, it is hereby

**ORDERED** that the United States' motion to amend the Court's September 11, 2012, Forfeiture Orders is **DENIED without prejudice.**

S\_____

**CURTIS V. GÓMEZ**
**District Judge**